NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA CAROLINA FERNANDEZ-
MELENDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1465

Agency No.
A209-986-389

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024[**]
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA, District Judge.[***]

Andrea Carolina Fernandez-Melendez ("Fernandez-Melendez") is a citizen

of El Salvador, who entered the United States without inspection in December

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

2016.  Fernandez-Melendez petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of her appeal from the order of an immigration judge ("IJ") denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Our review is limited to those grounds explicitly relied upon by the BIA, and thus the IJ's reasoning is reviewed only to the extent that the BIA expressly adopts it.  *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).  We review legal questions de novo and factual findings for substantial evidence.  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  "Whether a group constitutes a 'particular social group' [("PSG")] is a question of law."  *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1. Substantial evidence supports the agency finding that the proposed PSGs—"single women in El Salvador who are defenseless" and "business owners in El Salvador"—are not cognizable.  Fernandez-Melendez did not provide any evidence that society in El Salvador recognizes single women as a distinct social group.  *Matter of W-G-R-*, 26 I&N Dec. 208, 215–18 (BIA 2014); *Matter of M-E-V-G-*, 26 I&N Dec. 227, 236–37, 244 (BIA 2014).  And business ownership is not an immutable characteristic.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170–71 (9th Cir. 2005) (holding that "a social group comprised of business owners in

Colombia" was not a cognizable PSG because members did not share an "innate characteristic"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021). In any event, substantial evidence supported the agency finding that Fernandez-Melendez had not shown that any past or feared future persecution had the requisite nexus to a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

2. The evidence does not compel the conclusion that Fernandez-Melendez "will be tortured upon return to [her] homeland," *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021), "with the consent or acquiescence of a public official," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The BIA affirmed the IJ's determination that there is not enough information to conclude that the person who aided Fernandez-Melendez's abusive partner escape police scrutiny was a public official. The record does not compel a contrary conclusion. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" (quoting *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011))). Moreover, Fernandez-Melendez never asserted that she is unable to relocate within El Salvador to escape the harm.

*Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (citing 8 C.F.R. § 1208.16(c)(3)).

**PETITION DENIED.**